UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARK MEYER,
    Plaintiff,

vs.                       07-1018

L. MATHES,
    Defendant.

## ORDER

    This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the hearing by video conference.

    The plaintiff has filed this lawsuit pursuant to 42 U.S.C. §1983 against one defendant: Hill Correctional Center Healthcare Administrator L. Mathes. The plaintiff claims Mathes was deliberately indifferent to his serious medical condition in violation of the Eighth Amendment.

    The plaintiff must pass both an objective and a subjective test in order to establish that a lack of appropriate medical care violated the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The plaintiff must first demonstrate that the alleged deprivation was sufficiently serious. *Id.* The plaintiff must also show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42). Allegations of negligence or medical malpractice do not state an Eighth Amendment claim. *Ford v. Page*, 2001 WL 456427, at 6 (N.D.Ill. April 27, 2001). "Further, dissatisfaction or disagreement with the method of treatment or inability to effect a final cure does not constitute an Eighth Amendment claim of deliberate indifference. Also, mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference." *Jones v. Natesha*,151 F.Supp.2d 938, 945 (N.D.Ill.,2001), *citations omitted*.

    The plaintiff states that he is an insulin dependent diabetic and has had difficulty having bowel movements. The plaintiff says he has submitted several medical care requests, but most are ignored. The plaintiff says he did see a doctor one time approximately six months ago, but has not had any follow up treatment and still suffers from the same problem. The court finds for the purposes of notice pleading the plaintiff has adequately alleged a violation of his Eighth

1

Amendment rights against Defendant Mathes in her individual capacity.

The plaintiff states that he has had contact with the Healthcare Administrator and that is why she is named as the defendant.  The plaintiff is advised that he must make sure he names a defendant that has personal knowledge and involvement with his claims. "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." *Vance v Peters,* 97 F.3d 987, 992 (7th Cir. 1996).  If Defendant Mathes was responsible for reviewing the plaintiff's medical requests and failing to schedule appointments, then he has named the correct defendant.   If not, then the plaintiff should file a motion to amend his complaint and submit the name of the correct individual or individuals.

In addition, the plaintiff is advised that he must fully exhaust his administrative remedies before filing a lawsuit.  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).  *See also  Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, (7th Cir. 1999).

It is not clear from the plaintiff's complaint whether he has followed the appropriate steps to exhaust his administrative remedies and whether the defendants have properly responded to his grievances.   This is a matter better addressed in a motion for summary judgement.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff has adequately alleged that Defendant Mathes violated his Eighth Amendment rights when she was deliberately indifferent to his serious medical condition.  The claims are against the defendant in her individual capacity only.**

**2) This case shall proceed solely on the federal claims identified in paragraph (1) above.  Any claims not set forth in paragraph (1) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**3) The court entered an order on January 31, 2007, granting the plaintiff's motion to proceed in forma pauperis.  A  Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**4)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**5)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive**

**pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this   22nd   day of February, 2007.


        s\Harold A. Baker

        _____
                HAROLD A. BAKER
            UNITED STATES DISTRICT JUDGE